SCHOOL TRUSTEES OF EASTLAND COUNTY et al. v. HILLIARD et al.
(No. 9156.)

(Court of Civil Appeals of Texas. Ft. Worth. May 31, 1919.)

1. TRESPASS TO TRY TITLE ☞40(3) — PETITION—DEED—DESCRIPTION OF LAND.

In suit in form of trespass to try title and to remove cloud, description of deed set forth in petition as basis of plaintiff's title *held* so deficient and contradictory in its calls that no land was conveyed.

2. ADVERSE POSSESSION ☞110(1)—PLEADING—CERTAINTY.

Where petition in trespass to try title set up adverse possession under instrument not describing any locatable land and did not allege that plaintiff entered on any certain described land and held same adversely, petition is insufficient.

3. TRESPASS TO TRY TITLE ☞46(2)—CROSS-ACTION—PROOF OF TITLE.

In suit in form of trespass to try title and to remove cloud, in which defendant set up cross-action for judgment over for title and receivership conceding that description of land in plea was sufficient to describe definite quantity of land though petition did not, *held*, that plea must fail for want of proof.

Appeal from District Court, Eastland County.

Suit in form of trespass to try title and to remove cloud by County School Trustees of Eastland County and others against A. A. Hilliard and others, who filed plea in nature of cross-action. From a judgment granting receivership, plaintiffs appeal. Reversed, with leave to amend pleadings.

Scott Brelsford & Smith, of Eastland, and R. B. Truly, of Ballinger, for appellants.

Sil Stark, of Jacksboro, and N. N. Rosenquest and W. H. Sewell, both of Eastland, for appellees.

BUCK, J. This suit was originally instituted by the county school trustees of Eastland county, the county school superintendent, and Warren Wagner, against A. A. Hilliard and wife, M. A. Hilliard, and their heirs, and the Taylor Charcoal Company. The suit was in form of trespass to try title and to remove cloud, and the petition alleged that the plaintiffs were owners in fee simple of two tracts of land situated in Eastland county and known as the Merriman public school district No. 4. It was alleged that the plaintiffs and those under whom they claimed had held actual, notorious, and exclusive possession of said land for more than 20 years next before the filing of suit, occupying, using, and enjoying the same by keeping thereon and in use a public school building and the grounds on said tracts for the pupils and patrons of the public school district No. 4; that said possession had been exclusive, adverse, and continuous for said time. The defendants, whose residence was alleged to be unknown, were alleged to be setting up some sort of claim to said two tracts of land. John W. Taylor and Wilmot Taylor answered for the defendant Taylor Charcoal Company, and alleged that they owned all of the stock in said company and that the company had theretofore conveyed the second tract of land, described in plaintiffs' petition, to the county judge of Eastland county for school purposes; but, as said defendants are not parties to this appeal, it will not be necessary to notice further their defense.

Defendant Hilliard and his children, hereinafter called the defendants Hilliard, answered by way of general demurrer, and specially pleaded that on October 15, 1885, said A. A. Hilliard and his wife, M. A. Hilliard were the owners of said first-described tract of land, out of the E. Finley league and out of the 100-acre tract surveyed out of said league as the town plat of Merriman, and that on said date A. A. Hilliard and his wife "dedicated one acre of land 112 9/10 varas north and south by 50 varas east and west out of the N. E. corner of said above-described ten-acre tract" and conveyed same by deed of dedication to the county judge of Eastland county and his successors in office, which said deed is as follows:

"The State of Texas, County of Eastland.

"Know all men by these presents:

"That we, A. A. Hilliard and M. A. Hilliard, wife of the said A. A. Hilliard, of the county of Eastland and state aforesaid, have this day donated and conveyed by deed and by these presents do alienate and convey by deed unto the county judge of Eastland county, Texas (R. M. Black), and his successors in office, one acre of land as a building site that the citizens of the Merriman school community No. 3 may erect a public free house thereupon, said land lying and being situated on Colony creek four miles south of the town of Ranger in Eastland county, Texas, and being a portion of the one hundred-acre tract of land surveyed out of the E. Finley league as the town plat of Merriman and more properly described by the metes and bounds as follows, to wit:

"Beginning at the extreme N. W. corner of a survey heretofore sold to Thomas Williams out of said town plat survey stone for corner; thence N. with Williams S. B. line 112⁹/₁₀ varas for the S. E. corner of this survey; thence N. W. 50 varas to the S. W. corner of this survey; thence N. 112⁹/₁₀ vrs. to the N. W. corner; thence east 50 vrs. to the place of beginning and containing exactly one acre of land.

"Together with all and singular the rights, members, improvements, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining.

"To have and to hold all and singular the premises above mentioned unto the said County

Judge R. M. Black and his successors in office forever; and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said County Judge R. M. Black and his successors in office against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands at Ranger this the 15th day of Oct. A. D. 1885.     A. A. Hilliard.
                                    "M. A. Hilliard."

It was further alleged that it was the intention of said A. A. Hilliard to dedicate to the citizens of the Merriman community the building site only upon which to erect a public house to be used by the citizens of the said community as a public gathering place for any and all public gatherings of a religious, educational and political nature; that he did not intend to convey, and did not convey, the fee-simple title to the said land to the said county judge or his successors in office, nor the oil, gas, and other minerals on and under said land; and that said deed of dedication was without consideration and was made and executed for the sole purposes aforesaid. It was further alleged that on or about June 6, 1918, the school authorities of Eastland county, plaintiffs herein, abandoned said property and ceased to use it for the purposes set out in said deed, and that said property was permitted to become unfit for use as a public meeting house and gathering place and schoolhouse, and that said school authorities on or about said date made and entered into a written lease contract leasing said land to plaintiff Warren Wagner for the production of the oil and gas and other minerals under said land for a cash consideration of $2,500, and for the further consideration of one-eighth part of all oil and gas produced from the leased premises, and that pursuant to said lease the plaintiff Wagner had, with the co-operation and sanction of the other plaintiffs, taken entire possession of the whole tract of land above described, drilled oil wells thereon and set up his machinery and appropriated it to his exclusive use, and had extracted from said land 120,000 barrels of oil per month.

It was further alleged that Mrs. Hilliard was dead, and that the other defendants joining with A. A. Hilliard in the answer were the children of the said A. A. Hilliard and M. A. Hilliard and were all the heirs of M. A. Hilliard, deceased. Defendants prayed that the Prairie Oil & Gas Company be made a party defendant to the suit, and that a receiver be appointed to take charge of and to conserve all of the oil produced and being produced from said land.

Plaintiffs answered by way of various special exceptions to defendants' pleadings, and denied that there was any wastage of the oil from the wells drilled on the land, and denied the insolvency of Warren Wagner and the Prairie Oil & Gas Company, to whose pipe lines the oil was being delivered and in whose tanks it was being stored; and further denied that plaintiff trustees had ever abandoned said property or failed to use the same for school purposes; and further denied that any reservation for mineral rights was contained in the instrument of conveyance made by the Hilliards to the county judge of Eastland county. From a judgment granting a receivership, but staying the operation thereof pending an appeal to this court, the plaintiffs have appealed.

[1, 2] We have come to the conclusion that the description of the land contained in the first tract, set out in plaintiffs' petition, is insufficient to convey title to any land, in that the calls by metes and bounds fail to disclose any land; said calls being contradictory and furnishing no sufficient guide to the surveyor, going upon the land, in an effort to determine what land, if any, was sought to be conveyed by the instrument. There is no allegation in the petition of a mutual mistake in the description given in the deed of conveyance and no prayer for a correction of said description. There is no allegation as to what the tract described was, nor is there any allegation that the plaintiffs, upon the execution and delivery of the instrument of conveyance, entered upon any certain described land and held the same thereafter adversely, exclusively, and continuously up to the time of the trial. Hence we are of the opinion that plaintiffs showed no title or right in any land attempted to be described in the conveyance by the Hilliards to the county judge of Eastland county, or in any land alleged by the plaintiffs to have been occupied and held by them since 1885.

[3] On the other hand, while the defendants Hilliard in their answer did describe a certain tract, alleged to contain 10 acres, and further alleged that A. A. Hilliard and his wife "dedicated one acre of land, being 112-9/10 varas north and south by 50 varas east and west out of the N. E. corner of said above-described ten-acre tract," and further set out said alleged deed of dedication, in which instrument the same insufficient description was given, yet defendants did not allege that the description given in the deed was incorrect, nor did they ask for correction thereof; nor does the agreed statement of facts show that said A. A. Hilliard and M. A. Hilliard ever owned the 10-acre tract described in defendant's answer, or that the tract intended to be conveyed by the instrument to the county judge was out of the northeast corner of said 10-acre tract, or out of the said 10-acre tract at all. Hence, if it may be said that defendants Hilliard, by reason of the description of the 10-acre tract, and the further allegation that the one-acre tract sought to be conveyed to the county judge was out of the northeast corner of the

said 10-acre tract, sufficiently described the land to protect their interest in the title to which receivership was asked, yet the defendants' claim must fail for lack of proof. Hence their plea in the way of cross-action for judgment over against plaintiffs for title to the land, and for ancillary relief of receivership, is not sustained by the evidence.

In this condition of the record, we have concluded that the judgment of the trial court, granting a receivership, should be reversed, and the cause remanded, in order that the parties, plaintiffs and defendants, if they see fit, may amend their pleadings, and, if they should not see fit to do so, that the suit be dismissed for want of equity. We have concluded that the costs of this appeal should be adjudged one-half against the appellants and one-half against the appellees, and it is so ordered.

Judgment reversed, and the cause remanded.